**Merrill B. ANDERSON et al., Plaintiffs, Appellants and Cross-Respondents,**

v.

**CAPITOL THRIFT AND LOAN COMPANY et al., Defendants and Respondents,**

**Mid Valley Investment, Defendant, Respondent and Cross-Appellant.**

No. 14144.

Supreme Court of Utah.

March 2, 1976.

Graham Dodd, Kirton, McConkie, Boyer & Boyle, Salt Lake City, for plaintiffs, appellants and cross-respondents.

Robert D. Merrill, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for Capitol Thrift and Loan.

Ralph Mabey, Salt Lake City, for Mid Valley Investment.

---

HENRIOD, Chief Justice:

Appeal from a judgment unfavorable to Andersons in a suit involving a foreclosure sale scheduled and executed on January 16, 1975, against property owned but mortgaged by them, which they lost by default on their mortgage obligation. Affirmed with no costs awarded.

The sale went through, everyone seemed happy about it, save for a small item of removal of personal res mobiles,—which conflict was resolved *after* the sale, at which no one, including Andersons, created any waves, save by ex post facto assertions.

It appears that this appeal was prompted as an afterthought and because of a change of heart, after the plaintiffs rather unequivocally and effectively precluded their prayer for relief by a rather clear estoppel in pais when they signed a document prepared by their own attorney on January 17, 1975, the day after the foreclosure sale, which they now attack as being chronologically and statutorily abortive, clearly said they might remain in possession of part of the property until January 31, with no rent to be charged, and in possession of the other part of the property until midnight of April 17, 1975, agreeing to pay $150 rental starting on January 18, 1975, "until date of move," reserving the right to remove a greenhouse and consenting to leave the dishwasher.

This being simply a factual case up until that date, no legal complications raised by appellants need be indulged,—and the question of whether the purchaser at sheriff's sale met his bid price the next day or not is moot,—most particularly by virtue of the fact that Andersons tried and failed to redeem the property on that very next same day—presumably to have been privileged legally to have done so while claiming here to deny the same privilege to a similar bidder,—respondent here.

ELLETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

CROCKETT, J., having disqualified himself, does not participate herein.